TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 East Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Danielle Jordan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Jordan, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Collection Bureau of America, Ltd., a California company, | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, DANIELLE JORDAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Collection Bureau of America, Ltd., which is a California corporation that maintains its registered agent in the City of Phoenix, in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding a water cooler debt with account number 10513** in the amount of $129.00 (the alleged "Debt").

6. Ms. Jordan used the water cooler for personal use.

7. In October 2016, Ms. Jordan cancelled her services with Sparkletts. At this time, she paid Sparkletts $55.00 which was the amount she owed. During this conversation, Ms. Jordan asked Sparkletts to pick up the water cooler from her. Sparkletts agreed to pick up the water cooler from her.

8. In January, February and March 2017, Ms. Jordan called Sparkletts again to see when it was going to pick up the water cooler from her.

9. In April 2017, Ms. Jordan called Sparkletts again to see why it had not picked up the cooler and the representative told her that the account was sent to collections. The representative also told her that it was no longer responsible for the pickup of the water cooler and told her she would have to drop it off herself. Ms. Jordan explained to the representative that she was disabled and could not lift the cooler herself. The representative gave Ms. Jordan Defendant's phone number.

10. On or about April 26, 2017, Ms. Jordan reached out to Defendant to dispute the alleged Debt. In response, Defendant emailed Ms. Jordan a letter showing an

itemization for services rendered. The letter referenced a back side; however, there was no back side to this letter. In this letter, Defendant failed to provide Ms. Jordan with 30-day validation notice rights, as required by the FDCPA.

11. The above letter is the first and only letter that Ms. Jordan received from Defendant.

12. Plaintiff has suffered emotional and pecuniary damages as a result of Defendant's actions.

## **COUNT I-VIOLATION OF**

## **THE FAIR DEBT COLLECTION PRACTICES ACT**

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692g(a)(3) by failing to send Ms. Jordan a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   b. 15 U.S.C. §1692g(a)(4) by failing to send Ms. Jordan a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   c. 15 U.S.C. §1692g(a)(5) by failing to send Ms. Jordan a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## **DEMAND FOR JUDGMENT RELIEF**

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED:  May 30, 2017

KENT LAW OFFICES

By: */s/  Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Danielle Jordan