Brian R. Booker (SBN: 015637)
Annelise M. Dominguez (SBN: 033299)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2490
Facsimile: (602) 265-4716
bbooker@grsm.com

*Attorneys for Defendant
Collection Bureau of America, Ltd.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Jordan | CASE NO.  2:17-cv-01662-DLR |
| Plaintiff, | |
| vs. | **DEFENDANT COLLECTION BUREAU OF AMERICA LTD.'S MOTION FOR SUMMARY JUDGMENT** |
| Collection Bureau of America, Ltd., | |
| Defendant. | |

Defendant Collection Bureau of America, Ltd. ("CBA") hereby moves for summary judgment on Plaintiff Danielle Jordan's ("Jordan") Fair Debt Collection Practices Act claim pursuant to Fed. R. Civ. P. 56.

CBA supports this Motion with the following Memorandum of Points and Authorities, the Statement of Facts filed contemporaneously herewith, the exhibits filed herewith, and all matters of record, which are incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTUAL BACKGROUND

CBA was attempting to collect a consumer debt from Jordan on behalf of the original creditor, DS Services of America, Inc. (SOF at ¶ 1). On April 18, 2017, as part of its collection efforts, CBA sent Jordan a First Notice letter. (SOF at ¶ 2). The letter contained the disclosures required under the Fair Debt Collection Practices Act ("FDCPA"). (SOF at ¶ 2).

On April 26, 2017, Jordan contacted CBA to dispute the alleged debt. (SOF at ¶ 3). In response, CBA sent Jordan an itemization for services rendered that same day. (SOF at ¶ 4). The letter did not include the disclosures required under the FDCPA. (SOF at ¶ 4).

On May 15, 2017, Credit Repair Lawyers of America responded to CBA on Jordan's behalf, disputing the debt. (SOF at ¶ 5). On May 19, 2017, CBA sent Jordan, through counsel, a Letter of Itemization. (SOF at ¶ 6). The letter contained the disclosures required under the FDCPA. (SOF at ¶ 6).

Notwithstanding the fact that CBA fulfilled its obligations under the FDCPA, Jordan filed suit, alleging that CBA violated the FDCPA by failing to send Jordan written correspondence containing the disclosures required under the FDCPA. (SOF at ¶ 7). For the reasons discussed below, Jordan's claim is factually and legally unsupported, and CBA is entitled to summary judgment.

## II. LEGAL ARGUMENT

### A. Standard for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. CBA Fulfilled Its Obligations Under the Fair Debt Collection Practices Act

The purpose of the FDCPA is to eliminate abusive debt collection practices and to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e). Accordingly, the FDCPA requires a debt collector to send written notice containing:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(3)-(5).

Jordan argues that CBA violated the FDCPA because its email correspondence on April 26, 2017 did not include the above required disclosures. (SOF at ¶ 7). But the FDCPA specifies that a debt collector's obligations are fulfilled if the required disclosures are contained in the initial communication to the consumer. 15 U.S.C. § 1692g(a). CBA initially contacted Jordan eight days earlier, on April 18, 2017, when it sent her a First Notice letter. (SOF at ¶ 2). The First Notice letter was the initial communication to Jordan, and it included the required language under the FDCPA. (SOF at ¶ 2). The August 26, 2017 letter was CBA's second communication to Jordan. (SOF at ¶¶ 3-4). CBA only sent Jordan the itemization for services at Jordan's request. Moreover, on May 19, 2017, CBA sent Jordan another letter, containing the disclosures required under the FDCPA. (SOF at ¶ 6). CBA fulfilled its disclosure obligations under the FDCPA, so CBA is entitled to summary judgment.

Nevertheless, Jordan argues that CBA violated the FDCPA because the August 26 letter was the only letter that she *received* from CBA, and it did not contain the required disclosures. (SOF at ¶ 7). The FDCPA does not support Jordan's claim. The FDCPA merely requires a debt collector to "*send the consumer* a written notice" containing the required information. 15 U.S.C. § 1692g(a) (emphasis added). The FDCPA does not specify a method of delivery or require that the written notice be received by the consumer. Moreover, CBA has produced documents showing that Jordan was sent

correspondence containing the required disclosures. (SOF at ¶¶ 2, 4, and 6). Jordan has not and cannot produce evidence to dispute these facts. Accordingly, Jordan's claim fails as a matter of law and CBA is entitled to summary judgment.

### III. CONCLUSION

For the reasons stated above, Plaintiff Danielle Jordan's claim fails as a matter of law and Collection Bureau of America, Ltd. respectfully requests judgment in its favor.

Dated this 29th day of March, 2018.

> GORDON REES SCULLY
> MANSUKHANI, LLP
>
> By: /s/ Annelise M. Dominguez
> Brian R. Booker
> Annelise M. Dominguez
>
> *Attorneys for Defendant*
> *Collection Bureau of America, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Of Counsel to
>Credit Repair Lawyers of America
>22142 West Nine Mile Road
>Southfield, MI 48033

*Attorneys for Plaintiff Danielle Jordan*

/s/ Angelina Chavez